```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
WARREN DAVIS,                                                     :
                                                                  :
                              Petitioner,                         :        14-CV-3675 (JMF)
                                                                  :
              -v-                                                 :        MEMORANDUM OPINION
                                                                  :               AND ORDER
SUPERINTENDENT JOHN LEMPKE,                                       :
                                                                  :
                              Respondent.                         :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/27/2016

JESSE M. FURMAN, United States District Judge:

Joseph M. Latino and Anthony J. Maiocchi filed this habeas petition on behalf of Petitioner Warren Davis on May 22, 2014. (Docket No. 2). From the beginning of the litigation, Maiocchi purported to represent Davis for the limited purpose of presenting an equitable-tolling argument founded on Latino's failure to file the petition within the statute of limitations. (*See* Mem. Law (Docket No. 4) 16 n.2). After Respondent filed a motion to dismiss the petition as untimely (Docket No. 13), Maiocchi's name appeared on the memorandum and affirmation in opposition to that motion, which argued that the statute of limitations should be equitably tolled based on Latino's misconduct (*see* Docket Nos. 16, 17). The Court eventually granted Respondent's motion to dismiss in February 2015, holding that Davis's petition was time barred. (Docket No. 23). Acting on Davis's behalf, Latino appealed that ruling to the Second Circuit. On appeal, however, the Second Circuit concluded that Latino had a conflict of interest that "might pose a problem to the integrity of the [appellate] proceedings," and therefore disqualified him. *Davis v. Lempke*, — F. App'x — , 2016 WL 944611, at *1 (2d Cir. Mar. 14, 2016) (summary order). The Second Circuit also concluded that Latino's representation of Petitioner

raised questions about the proceedings before this Court: Although Maiocchi had purported to present the equitable-tolling argument before this Court, a letter on the docket revealed that Latino was apparently "of counsel" at Maiocchi's firm during some or all of the earlier proceedings, which created "at least the possibility that Latino's conflict became imputed to Maiocchi." *Id.* at *2. Accordingly, the Second Circuit vacated the judgment and remanded the matter to this Court to hold a hearing "to ensure that Maiocchi's presentation of Davis's equitable-tolling argument did not suffer from any conflict of interest that might cast doubt on the integrity of the District Court's proceedings." *Id.* Having now conducted an evidentiary hearing as instructed by the Second Circuit, the Court reluctantly concludes that Maiocchi's involvement was insufficient to remove or ameliorate Latino's conflict of interest.

As the parties have acknowledged, there is little case law addressing whether and under what circumstances a conflict of the type involved here — a "personal interest" conflict as opposed to a conflict arising from the concurrent or successive representation of clients or those adverse to them — should be imputed to another attorney. *Cf. Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 134-36 (2d Cir. 2005) (discussing factors courts have considered in evaluating whether a successive-representation conflict should be imputed to a firm where an attorney is merely "of counsel" to a firm). The *Restatement (Third) of Law Governing Lawyers*, however, provides that "one affiliated lawyer's personal interests that produce personal prohibition disable an affiliated lawyer from representing the same client only when there is a significant risk that the interests of the first lawyer would materially and adversely impair the second lawyer's representation." Restatement (Third) of Law Governing Lawyers § 125, comment g; *see also Bals v. Metedeconk Nat. Gold Club, Inc.*, No. 09-4861 (MLC), 2010 WL 1373558, at *3-4 (D.N.J. Mar. 31, 2010) (concluding that "any personal interest based conflict

2

[an attorney] might have would not be imputed onto [another attorney at the same firm] as long as there is not a significant risk that [the latter attorney] would be materially limited in his representation"). Measured against that standard, had Maiocchi truly acted as independent counsel for Davis with respect to the equitable-tolling issue (as the Court had assumed from the face of the opposition papers that he did when it decided Respondent's motion to dismiss), Latino's conflict would not be imputable to Maiocchi — as Davis's own (newly appointed) counsel conceded at the hearing. (*See* June 15, 2016 Tr. ("Tr.") 83).

      The problem is that Maiocchi did not act as true independent counsel for Davis. Instead, it is plain that he acted as counsel for Davis in name only and merely as an accommodation to his high-school friend and longtime associate, Latino. (*See id.* at 50-53). Maiocchi admitted during the hearing that he was not versed in the background issues of Davis's case, that he never communicated with Davis directly, and that he had little experience in criminal appeals or in drafting briefs generally. (*See id.* at 52-53, 57-58). Furthermore, the record is now clear that — while Maiocchi purported to represent Davis as to the equitable-tolling portion of the initial memorandum in support of the petition — Latino drafted the entirety of that memorandum without any involvement from Maiocchi. (*See id.* at 10, 69-70). And while Latino and Maiocchi disagree as to whether Maiocchi played any role whatsoever in preparing Davis's memorandum and affirmation in opposition to the motion to dismiss (Latino testified that he drafted the documents without any input or involvement from Maiocchi, while Maiocchi testified that he did the initial drafts (*compare id.* at 23-24, 74, *with id.* at 55-56), they agree that Latino's role in drafting them was substantial, if not dominant. Maiocchi himself admitted that he had done little independent research (reading only the "digest" of the cases cited, not even the cases themselves) and that Latino played a substantial role in revising the submissions. (*See id.* at 57, 70-71). And

3

Latino filed all submissions on Davis's behalf (including Maiocchi's own notice of appearance). (*See id.* at 19-20). In sum, however one slices it, Maiocchi did not provide Davis independent representation and judgment; instead, he lent his name to papers largely (if not entirely) prepared by Latino as an accommodation to Latino and did little or nothing to make those papers his own other than agreeing to lend his name to them. For all practical purposes, therefore, Latino functioned as the *de facto* lawyer for Davis on all issues, even for the issue of equitable tolling.

Under these circumstances, the Court is compelled to conclude that the arrangement between Maiocchi and Latino was not adequate to purge the taint of Latino's conflict. *Cf. Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*, 722 F. Supp. 2d 295, 309 (E.D.N.Y. 2010) ("[I]f after considering all the precautions taken by the [firm whose disqualification is sought] this Court still harbors doubts as to the sufficiency of these preventive measures, then we can hardly expect [the concurrent client] or members of the public to consider the attempted quarantine to be impenetrable." (internal quotation marks omitted)). It follows that the conflict identified by the Second Circuit on appeal casts sufficient doubt on the integrity of the earlier proceedings before this Court that the Court's Opinion and Order granting Respondent's motion to dismiss must be and is vacated. To be candid, the Court is skeptical of new counsel's ability to come up with arguments to persuade the Court to reach a different conclusion. (Notably, new counsel himself appears to be skeptical as well. (*See* Docket No. 42 at 3)). That is, the full record appears to have been before the Court when it ruled previously (*see* Tr. 42-43 (confirming that the record contained all potentially relevant communications between Latino and Davis)), and the law is what it is. Further, while Latino may well have labored under a disqualifying conflict, he does not — to his credit — appear to have pulled any punches when it comes to attacking his

own conduct in an effort to save Davis's Petition from dismissal. Nevertheless, Davis is entitled to a second bite at the apple without the assistance of conflicted counsel.

In short, the Court's prior Memorandum Opinion and Order and the related Judgment are VACATED (Docket Nos. 23-24), and Petitioner is granted leave (with the assistance of appointed counsel) to file an Amended Petition **within three weeks of the date of this Memorandum Opinion and Order**. Unless the Court orders otherwise, Respondent shall renew his motion to dismiss within three weeks of the filing of the Amended Petition (or, if Petitioner elects not to file an Amended Petition, within three weeks of the deadline); Petitioner shall file any opposition within two weeks of the motion; and Respondent shall file any reply within one week of the opposition. Although the Court's earlier decision has been vacated, the parties should obviously address in their briefing whether the Court's prior ruling was correct.

SO ORDERED.

Date: June 28, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge