UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
WARREN DAVIS,                                                           :
:
                      Petitioner,                                  :    14-CV-3675 (JMF)
:
      -v-                                                               :    MEMORANDUM OPINION
:           AND ORDER
SUPERINTENDENT JOHN LEMPKE,                                             :
:
                      Respondent.                                  :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Petitioner Warren Davis, convicted of murder and other offenses, seeks a writ of habeas corpus pursuant to Title 28, United States Code, Section 2254. Davis concedes that he failed to file his Petition before the deadline set forth in Section 2244(d)(1), but, invoking the doctrine of equitable tolling, argues that his Petition should nonetheless be deemed timely because his late submission was due to an error on the part of his former lawyer, Joseph M. Latino. (Docket No. 55 ("Pet. Addendum")). In a Memorandum Opinion and Order entered on February 6, 2015, the Court rejected that argument and dismissed Davis's Petition as untimely. *See Davis v. Lempke*, No. 14-CV-3675 (JMF), 2015 WL 509671 (S.D.N.Y. Feb. 5, 2015) ("*Davis I*"). On appeal, the Second Circuit did not reach the merits of the Court's ruling. Instead, the Court of Appeals concluded that Latino — who represented Davis on appeal — had a conflict of interest that "might pose a problem to the integrity of [the appellate] proceedings," and therefore disqualified him. *Davis v. Lempke*, 642 F. App'x 31, 32 (2d Cir. 2016) (summary order). Concluding that Latino's representation might also have tainted the proceedings before this Court — even though

the issue of equitable tolling had ostensibly been briefed by a separate, independent attorney, Anthony J. Maiocchi — the Court of Appeals remanded for further proceedings.  *See id* at 33-34.

On remand, the Court appointed new counsel to represent Davis and held an evidentiary hearing to determine whether Maiocchi's involvement in arguing equitable tolling was sufficient to purge the taint of Latino's conflict.  (*See* Docket Nos. 32-49; June 15, 2016 Minute Entry).  On the basis of that hearing, the Court concluded "that Maiocchi's involvement was insufficient to remove or ameliorate Latino's conflict of interest" and that Davis was "entitled to a second bite at the apple without the assistance of conflicted counsel."  *Davis v. Lempke*, No. 14-CV-3675 (JMF), 2016 WL 3582117, at *1-2 (S.D.N.Y. June 28, 2016) ("*Davis II*").  The Court candidly acknowledged its skepticism that new counsel could "come up with arguments to persuade the Court to reach a different conclusion" on the issue of equitable tolling (a skepticism that new counsel himself seemed to share, as he had admitted his belief, in advance of the evidentiary hearing, "that no legal circumstances exist that would undermine the legal reasoning of this Court's Decision/Order dismissing the Petitioner for untimeliness" (Docket No. 42 at 4)). *Davis II*, 2016 WL 3582117, at *2.  Nevertheless, the Court vacated its earlier decision dismissing the Petition as untimely; granted Davis leave, with the assistance of his newly appointed counsel, to file an Amended Petition; and set a deadline for Respondent to file a new motion to dismiss.  *See id.*  Notably, the Court expressly directed the parties to "address in their briefing whether the Court's prior ruling was correct."  *Id.*

Davis, through his new counsel, has since filed an "Addendum" to his Petition (Docket No. 55), and Respondent now moves, again, to dismiss the Petition as untimely.  (Docket No. 59).  Davis opposes the motion, arguing again that he is entitled to equitable tolling of the statute of limitations.  (*See* Docket No. 62 ("Pet. Opp'n")).  Upon due consideration of the parties'

submissions and the record, including the evidentiary hearing held on remand, the Court concludes that there is no basis to reach a different result than the one it reached in the first instance, and thus — substantially for the reasons stated in its earlier opinion — dismisses the Petition as untimely. *See Davis I*, 2015 WL 509671, at *3-4. Notably, despite the Court's explicit direction to "address" whether the Court's first ruling was correct, *Davis II*, 2016 WL 3582117, at *2, Davis makes no reference whatsoever to the Court's earlier opinion in his submissions on remand. More specifically, he identifies no new material facts or factual errors in the Court's opinion (a failure that is perhaps unsurprising given testimony at the evidentiary hearing confirming that all potentially relevant communications between Latino and Davis were in the record when the Court ruled previously (*see* Transcript of June 15, 2016 Hearing at 42-43).[1] Nor does he identify any errors of law in the Court's prior analysis. In fact, Davis recites the very principles applied by the Court in its earlier ruling — to wit, that he "must show, *inter alia*, 'that some extraordinary circumstance stood in his way and prevented timely filing'" and that, "[i]n general, an attorney's miscalculation of a filing date 'is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.'" (Pet.'s Opp'n ¶ 8 (quoting *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012), and *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007), respectively).

Davis does present two new arguments in his opposition to Respondent's motion to dismiss, but they border on frivolous. First, invoking the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), he contends that Latino provided ineffective assistance of

---

[1] Davis does assert for the first time that he relied on the "advice of other inmates" after learning that Latino had failed to file his Petition by the deadline. (Pet. Addendum ¶ 15). But that reliance postdated the deadline so it is irrelevant to question of equitable tolling. *See infra*. Moreover, "Courts in this Circuit have consistently rejected claims of equitable tolling based on a prisoner's . . . reliance on other inmates for assistance." *Gruber v. Connelly*, No. 12-CV-4429 (SJF), 2015 WL 5793680, at *4 (E.D.N.Y. Sept. 30, 2015) (citing cases).

counsel in filing his Petition after the deadline. (Pet.'s Opp'n ¶¶ 3-4; *see also* Pet. Addendum ¶ 18). It is well established, however, that "a petitioner has no right to the effective assistance of counsel when he collaterally attacks his conviction." *Bloomer v. United States*, 162 F.3d 187, 191 n.1 (2d Cir. 1998); *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further"); *Carranza v. United States*, 794 F.3d 237, 242 (2d Cir. 2015) ("[T]he constitutional right to the effective assistance of counsel extends to direct appeal, but not to collateral proceedings." (citation omitted)). Second, Davis relies not only on Latino's error in calculating the deadline, but also on his decision — after realizing that error — "to involve his longtime friend and of-counsel partner, Anthony J. Maiocchi, instead of finding an independent attorney, to litigate the equitable tolling issue." (Pet.'s Opp'n ¶ 12). There is, no doubt, much to criticize in the way Latino and Maiocchi handled the obvious conflict inherent in Latino arguing his own misconduct — the evidentiary hearing revealed that, despite their representations to the Court (*see, e.g.*, Docket No. 17, Ex. 2, at 15 n.2), Maiocchi contributed little or nothing to Davis's submissions and "acted as counsel for Davis in name only." *Davis II*, 2016 WL 3582117, at *2. But that conduct occurred after the deadline had passed and thus obviously did not "prevent[]" Davis "from filing his petition on time." *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (internal quotation marks omitted); *see also, e.g.*, *Rivas*, 687 F.3d at 538 (noting that to qualify for equitable tolling, a petitioner must show, among other things, "that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks omitted)). Thus, it is simply irrelevant to the equitable tolling analysis.[2]

---

2   If Latino's conduct after discovering his error in calculating the statute of limitations could be considered in the analysis, it would not change the Court's conclusion because Latino cannot be said to have "effective[ly] abandon[ed] . . . the attorney-client relationship." *Rivas*,

In short, Davis provides no reason to revisit, let alone reject, the Court's earlier conclusion that Latino's error — although admittedly "bizarre insofar as he had previously calculated the limitations period correctly" — was ultimately "a mere miscalculation of a deadline, which is precisely 'the sort of garden variety attorney error that cannot on its own rise to the level of extraordinary circumstances.'" *Davis I*, 2015 WL 509671, at *3 (quoting *Dillon v. Conway*, 642 F.3d 358, 364 (2d Cir. 2011)); *see also Smaldone v. Senkowski*, 273 F.3d 133, 138-39 (2d Cir. 2001) (holding that an "attorney's mistaken belief that the tolling period reset after each state collateral appeal does not constitute the 'extraordinary' circumstances warranting equitable tolling"). It follows that, however sympathetic the Court may be to Davis's situation, his Petition must be and is dismissed as untimely.

The Clerk of Court is directed to terminate Docket No. 59 and close this case. If Davis wishes to appeal from this decision, he should — in accordance with the Second Circuit's decision on appeal — promptly notify the Clerk of the Court of Appeals by letter. *See Davis*, 642 F. App'x at 34 ("After an amended order is entered by the District Court, either party may restore jurisdiction to this Court by notifying the Clerk of this Court by letter, and the returned appeal will be assigned to this panel. An additional notice of appeal will not be needed.").

SO ORDERED.

Date: December 6, 2016
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

687 F.3d at 538. In fact, as the Court noted in its decision vacating the earlier dismissal of the Petitioner, "while Latino may well have labored under a disqualifying conflict, he does not — to his credit — appear to have pulled any punches when it comes to attacking his own conduct in an effort to save Davis's Petition from dismissal." *Davis II*, 2016 WL 3582117, at *2.